**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALEXANDER ETHAN CHAVEZ,** | § | |
| **TDCJ No. 02476169,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-24-CA-1364-JKP** |
| | § | |
| **ERIC GUERRERO,**[1] **Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Alexander Ethan Chavez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.[2]   In the § 2254 petition, Petitioner challenges the constitutionality of his 2023 state court convictions for sexual assault of a child, arguing that he was denied the right to the effective assistance of counsel at the punishment stage of trial.  Also before the Court are Respondent Eric Guerrero's Answer and Petitioner's Reply thereto.[3]

Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* 28 U.S.C. § 2254(d).  Petitioner is also denied a certificate of appealability.

---

[1]     The previous named Respondent in this action was Bobby Lumpkin.  In December 2024, Eric Guerrero succeeded Lumpkin as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

[2]     ECF No. 1.

[3]     ECF Nos. 6, 9.

## I. <u>Background</u>

In October 2023, Petitioner pled guilty to three counts of sexual assault of a child, all second-degree felonies punishable by two to twenty years of imprisonment.[4] *State v. Chavez*, No. CRW1912236 (81st/218th Dist. Ct., Wilson Cnty., Tex. Oct. 10, 2023).[5] Pursuant to a plea bargain agreement, Petitioner judicially confessed to committing three of the charged offenses and waived his right to a jury trial in exchange for the State's agreement to waive two other counts of sexual assault with a child and to dismiss an additional pending case alleging the continuous sexual assault of a child.[6] After a separate punishment hearing, a jury sentenced Petitioner to twenty years of imprisonment on each count.[7] The trial court accepted the jury's verdict and ordered that the sentences should run concurrently.[8]

Because he waived the right to appeal as part of the plea bargain agreement, Petitioner did not directly appeal his convictions and sentences.[9] Instead, he challenged the constitutionality of his sentences by filing an application for state habeas corpus relief on June 20, 2024. *Ex parte Chavez*, No. 95,875-01 (Tex. Crim. App.).[10] The Texas Court of Criminal Appeals denied the application without written order on September 18, 2024.[11]

---

[4]      ECF No. 7-5 at 23-24.

[5]      ECF No. 7-3 at 7-14 (Judgments), 22-24 (nunc pro tunc orders correcting Judgments).

[6]      *Id*. at 19-20.

[7]      ECF No. 7-9 at 10.

[8]      *Id*. at 11-12.

[9]      ECF Nos. 7-3 at 25, 7-9 at 15; *see also* http://www.research.txcourts.gov, search for "Chavez, Alexander" last visited March 31, 2026.

[10]      ECF No. 7-3 at 71.

[11]      ECF No. 7-1.

Two months later, Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief.[12]  In the petition, Petitioner raises the same allegation that was rejected during his state habeas corpus proceedings—namely, that his trial counsel rendered ineffective assistance at the punishment hearing by failing to obtain and present relevant mitigating evidence.

## II.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous.  *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  Even a strong case for relief does not mean the state court's contrary conclusion was

---

[12]    ECF No. 1.

3

unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

A. **Trial Counsel**

In his sole allegation, Petitioner asserts that his trial counsel, Stephen Barrera and Matthew Maldanado, rendered ineffective assistance at the punishment phase of trial by failing to discover and present mitigating evidence on his behalf. Petitioner faults counsel for not presenting witnesses concerning, among other things, his difficult childhood, previous abuse he suffered as a child, his low I.Q., learning disabilities, and mental health issues.[13] These allegations were raised during Petitioner's state habeas proceedings and rejected by the Texas

---

[13] Specifically, Petitioner faults counsel for failing to present evidence that: (1) his parents were teenagers when he was born, (2) his birth was traumatic, as his umbilical cord was wrapped around his neck, (3) his mother used marijuana while she was pregnant, (4) his mother had developmental problems and required special education, (5) his mother and father were abusive, (6) there was domestic violence, drug use, and drug dealing in the home when he was young, (7) he witnessed drug deals, sex acts, violence, and countless illegal behaviors both at home and at parties his mother brought him to as a child, (8) he was drugged and sexually abused by drug dealers at one of these parties, (9) he is learning disabled, required special education, and has an I.Q. of 87, which is in the lower than average intelligence range, (10) he suffers from depression from bullying which lead to behavioral changes, and (11) he lacks skills to support himself.

Court of Criminal Appeals.  As discussed below, Petitioner fails to demonstrate the state court's rejection of the allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

       1.        The *Strickland* Standard

Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) are reviewed under the familiar two-prong test established in *Strickland*.  466 U.S. at 668.  Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense.  *Id*. at 687-88, 690.  According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards.  *Strickland,* 466 U.S. at 687-89.  Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690).  To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Under this prong, the "likelihood of a different result must be substantial, not just conceivable."  *Richter*, 562 U.S. at 112.  A habeas petitioner has the burden of proving both prongs of the *Strickland* test.  *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 578 U.S. 113, 117 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

    2.    <u>Analysis</u>

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Nelson v. Davis*, 952 F.3d 651, 669 (5th Cir. 2020) (quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citations omitted)). To prevail on an IATC claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate the witness was available to testify, delineate the content of the witness's proposed testimony, and show the testimony would have been favorable to the defense. *Day*, 566 F.3d at 538; *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007). A failure to present some evidence from the uncalled witness regarding that witness's potential testimony and willingness to testify is usually fatal to an IATC claim. *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001).

Petitioner fails to make this showing. In fact, Petitioner has not provided a single affidavit from a potential witness nor any mitigating evidence that could have been presented at the punishment phase of trial. Instead, he offers only an affidavit compiled by his current mitigation specialist, Elizabeth Harvey.[14] In her affidavit, Ms. Harvey summarizes into a single narrative various hearsay statements allegedly made to her by fourteen individuals that she interviewed, including Petitioner, concerning Petitioner's family, abusive childhood, low I.Q., learning disabilities, and mental health issues. According to Ms. Harvey, each of these witnesses said they would have testified at sentencing had they been asked. Yet neither Ms. Harvey nor Petitioner's current counsel have named *any* of these alleged witnesses, much less delineated in any meaningful way the content of each source's proposed testimony or whether those sources were available to testify at trial. As a result, Petitioner's allegations concerning uncalled mitigation witnesses is tantamount to sheer speculation and does not come close to establishing that counsel's performance was deficient under *Strickland*. *Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir. 2010) (finding "conclusory statements regarding the content of the uncalled witness[']s testimony are insufficient to demonstrate ineffective assistance."); *Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007) (reiterating that "complaints of uncalled witnesses are not favored . . .") (citation omitted).

Because Petitioner's allegation is speculative and wholly unsupported by any reliable evidence or facts, he fails to establish that the state court's ruling on trial counsel's performance "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Consequently, viewing this allegation under the deferential standard that applies on federal

---

14      ECF No. 7-5 at 7-12.

habeas review, Petitioner has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief on his IATC claim.  Federal habeas corpus relief is therefore denied.

## B.      Petitioner's State Habeas Proceeding

In his Reply, Petitioner also contends that his due process rights were violated during his state habeas corpus proceedings when the district clerk prematurely forwarded his state habeas corpus application to the Texas Court of Criminal Appeals.[15]  According to Petitioner, this improper action denied him the opportunity to review and respond to any affidavit that may have been filed by defense counsel, and also prevented him from providing affidavits in support of his application.[16]

Petitioner's allegations do not entitle him to relief because alleged errors or irregularities occurring in state habeas proceedings do not raise cognizable claims for federal habeas relief. *See Henderson v. Stephens*, 791 F.3d 567, 578 (5th Cir. 2015) ("infirmities in state habeas proceedings do not constitute grounds for federal habeas corpus relief"); *Ladd v. Stevens*, 748 F.3d 637, 644 (5th Cir. 2014) (same).  This is because an attack on the validity of a state habeas corpus proceeding does not impact the validity of the underlying state criminal conviction.  *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (reiterating that "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.") (citations omitted).  For this reason, Petitioner's complaints concerning his state habeas corpus proceeding do not furnish a basis for federal habeas corpus relief.

---

[15]     ECF No. 9 at 2-4.

[16]     Interestingly, Petitioner was not prevented from presenting the affidavit of the mitigation specialist on which his sole IATC allegation was based.  *See* ECF No. 7-5 at 7-11 (Affidavit of Elizabeth Harvey).

## IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings;  *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

## V.  Conclusion and Order

Petitioner failed to establish that the state court's rejection of his IATC claims on the merits during his state habeas corpus proceeding was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during his state trial and habeas corpus proceedings.  As a result, Petitioner's federal petition does not warrant federal habeas corpus relief.

9

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Alexander Ethan Chavez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

**SIGNED this the 1st day of April, 2026.**

 

_____

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

10